THE DAIEI, INC., Plaintiff,

v.

BALL CORPORATION, Defendant.

No. EV 98–177–C–B/H.

United States District Court,
S.D. Indiana,
Evansville Division.

Feb. 5, 2001.

---

David V. Miller, Ziemer Stayman Weitzel & Shoulders, Evansville, IN, for plaintiff.

James L. Petersen, Edward P. Steegmann, Ice Miller, Indianapolis, IN, for defendant.

## ORDER DENYING MOTION FOR PROTECTIVE ORDER RELATED TO HAWAII DEPOSITIONS

HUSSMANN, United States Magistrate Judge.

This matter is before the court on the Motion for Protective Order Related to Hawaii Depositions filed by the defendant, Ball Corporation ("Ball"), on January 25, 2001. The plaintiff, The Daiei, Inc. ("Daiei"), filed its response in opposition to the motion on January 29, 2001. Ball filed its reply brief on January 31, 2001.

Daiei has issued a notice of deposition for three individuals in Honolulu, Hawaii, on February 13–15, 2001. The three individuals are Daiei's own employees who have knowledge of the facts surrounding the transaction at the heart of this lawsuit. These individuals are not policy makers of Daiei. The purpose of the depositions is to perpetuate the witnesses' testimony for use at trial under Federal Rule of Civil Procedure 32.

Ball does not argue that Daiei has no right to take the depositions of these witnesses under the rule. The witnesses are apparently not officers, directors or managing agents of the corporation. They are witnesses who live and work outside the United States (specifically in Japan), and there is no evidence that Daiei is procuring the absence of the witnesses for trial. Therefore, under Federal Rules of Civil Procedure 30 and 32, Daiei has the right to take these depositions.

■ Ball suggests the depositions must be taken in this district. Must depositions to perpetuate testimony be taken in the district where the case is pending? The parties do not cite to any authority which requires that the depositions taken to perpetuate testimony be taken within the district where the trial takes place. Indeed, Federal Rule of Civil Procedure 32(a)(3) contemplates having to leave the district to take the depositions because the witnesses cannot be compelled to attend there for trial. Therefore, it is clear that Ball has no right under the rules of civil procedure to require that the witnesses be brought to a location within the district. The place of the deposition for a witness who cannot be compelled to attend the trial should most probably be one that is reasonably convenient to that witness.

■ Does Ball have the right to seek a protective order? The apparent source for the issuance of a protective order would be found in Federal Rule of Civil Procedure 26. Nothing in Federal Rules of Civil Procedure 30 and 32 suggests that the court has the power to dictate the location of a deposition used to perpetuate testimony for trial.

Federal Rule of Civil Procedure 26 allows a party to seek protection "that the disclosure or discovery not be had," or "that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place." The depositions in this case are not "disclosures" (a

term that has a specific meaning under the rule) or "discovery" in the sense that these depositions are not tools to determine what a person may say before the trial itself. These depositions are to be used as evidence at trial. It is not clear that Rule 26 gives this court the authority to grant a protective order regarding the place of taking depositions to be used pursuant to Federal Rule of Civil Procedure 32(a)(3)(B).

Is there any other source of authority for the court to issue a protective order? It is certainly possible to argue that parties commonly consider Federal Rule of Civil Procedure 32(a)(3)(B) depositions to be "discovery"; that Federal Rule of Civil Procedure 26(a)(5) describes "depositions upon oral examination" as one method of "discovery"; that the court must have some inherent power to protect a party from litigation actions calculated to cause one party undue expense; and, finally, that such authority must exist because statutes such as 28 U.S.C. § 1927 give the court power to sanction conduct of litigation which is unreasonable and vexatious.

If this court assumes that based on one of these sources there is authority to issue a protective order with respect to depositions taken to perpetuate testimony, then the question which next arises is what standard should be employed to exercise that authority. Certainly the provisions of Federal Rule of Civil Procedure 26(c) would be an approach that would be reasonable to be employed here. Under that rule, Ball has the burden of showing "good cause" for the protective order.

In this case, Ball argues that the depositions shift the expense of presenting Daiei's case to Ball. The expense which is shifted is apparently the costs of sending two attorneys to Hawaii for three days of depositions. While this is undoubtedly an expense to Ball, the alternatives are not significantly better. Because these employees are not officers, directors or managing agents, they cannot be compelled to attend the trial in Indiana, and must be deposed at some location reasonably convenient to the witnesses. That location could be Japan, which would substantially increase the costs of this litigation to both parties. Bringing the three witnesses from Japan to Indiana instead of Hawaii will cause

an increase in costs (both financial and in terms of time) to the witnesses themselves. There is no evidence before the court of what the incremental costs will be to Daiei to bring the witnesses to Indiana instead of to Hawaii. Whatever those incremental costs are for those three individuals, however, will be approximately the same costs that Ball will incur to send one or two attorneys to take the depositions in Hawaii. Taking into consideration the costs (in time and money) to the witnesses themselves, as well as the costs incurred by the parties in this case; keeping in mind that at issue here is a claim of several million dollars; and keeping in mind that both parties to this litigation are substantial corporations with large assets, this court concludes that Ball has not demonstrated good cause for a protective order. As much as this court would like to spare Ball's counsel the hardship of three days in Hawaii during February, they have not made a showing that the costs to their client of conducting these depositions in Hawaii substantially outweighs the costs to the three witnesses whose trips would be extended if they were required to attend here in Indiana—a place they cannot be compelled to attend.

### Conclusion

It is not clear that under the Federal Rules of Civil Procedure this court has the authority to grant a protective order challenging the location of depositions taken to perpetuate testimony of witnesses for trial. If the court does have such authority, the party moving for the order ought to show good cause to obtain the protective order. Ball has not shown that the costs of conducting these depositions in Hawaii is a significant hardship to its client, or that the costs to its client of doing so substantially outweighs the costs in time and expense to the three witnesses who must be deposed. Therefore, Ball's motion for protective order is **DENIED**.